McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Wade M. Hansard
Nevada Bar No. 8104
Dylan P. Todd
Nevada Bar No. 10456
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Wade.Hansard@McCormickBarstow.com
Dyllan.Todd@McCormickBarstow.com
Telephone:   (702) 949-1100
Facsimile:    (702) 949-1101

Attorneys for Defendants, PATRICIA CLEARY
and PATRICIA L. CLEARY LAW OFFICE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| ALAN SHINDERMAN, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KEITH POLLINS, an individual, PATRICIA CLEARY, an individual; PATRICIA L. CLEARY LAW OFFICE; DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:12-cv-00507 – KJD-PAL<br><br>**CLEARY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

COME NOW Defendants PATRICIA CLEARY and PATRICIA L. CLEARY LAW OFFICE, by and through their attorneys of record of the law firm of McCormick, Barstow, Sheppard, Wayte & Carruth, LLP and hereby submit their Motion to Dismiss Plaintiff's Complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a separate litigation taking place in California Superior Court, County of San Diego entitled: *In re Matter of Jacqueline M. Pollins v. Keith Pollins*, Case No. DN157138SVK. In that action, Defendant Patricia L. Cleary and her law firm (collectively referred to as "Cleary") represented Keith Pollins in a judicial proceeding to, among other things, modify the terms of spousal support pursuant to a divorce decree. Plaintiff Alan Shinderman at the time of these proceedings was engaged in a dating relationship with Jacqueline Pollins. Plaintiff has filed the instant Complaint against Cleary for tort claims stemming from her alleged communications and conduct during the course and scope of her representation of Mr. Pollins in the California litigation. Cleary now moves for a dismissal of this Complaint on the grounds that the allegations against her are governed and protected by the absolute litigation privilege. Cleary also asserts that California law governs Plaintiff's Complaint based on the choice of law doctrine of the forum.

On March 27, 2012, Plaintiff filed a Complaint in Federal District Court for the District of Nevada against Cleary, her law firm and Keith Pollins for the following causes of action: 1) Violation of the Fair Credit Reporting Act; 2) Invasion of Privacy: Intrusion; and 3) Conversion. *See, Complaint.* In that Complaint, Plaintiff alleges that he was engaged in a dating relationship with Jacqueline Stockwell (formerly known as Pollins), and that Cleary retained a private investigator to perform surveillance on him. *Id.*, at ¶ 12, 14. Plaintiff claims that this surveillance occurred as a result of divorce and domestic dispute proceedings between Pollins and Stockwell, and that Plaintiff himself was not a party to those proceedings. *Id.* at ¶ 11, 13. Plaintiff alleges that a copy of his credit report was obtained and used as an exhibit to a declaration by Pollins to modify spousal support. *Id.* at ¶ 19. Plaintiff then states the possibility that tracking devices may have been placed on his vehicle during the time of the domestic proceeding. *Id.* at 16. Interestingly, Plaintiff does not articulate any damages whatsoever that he has suffered as a result of his claims.

On August 11, 2011, Cleary filed a "Second Supplemental Declaration of Keith Pollins Re: OSC to Modify Spousal Support" with the California Superior Court. Attached as Exhibit "A" to the accompanying Request for Judicial Notice ("RJN") is a true and correct copy of the Second

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
8337 W. Sunset Rd, Suite 350
Las Vegas, NV 89113

51669-00276 2036645.1

2

2:12-cv-00507

CLEARY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Supplemental Declaration of Keith Pollins Re: OSC to Modify Spousal Support. Contained within that Declaration was a credit report of Alan Shinderman. *Id.* The purpose of the declaration was to identify that Stockwell's circumstances, income and standard of living had changed sufficiently so as a to warrant a modification of her spousal support. *Id.* This declaration was filed in California Superior Court, County of San Diego, North Beach County in the action: *In re Matter of Jacqueline M. Pollins v. Keith Pollins*, Case No. DN157138SVK.

Taking all of Plaintiff's allegations as true, the claims against Cleary are based on actions that took place during the course and scope of her representation of a client in a judicial proceeding. The disclosure of Plaintiff's credit report was done in furtherance of filing a petition for modification of a previous California court's ruling on spousal support. Likewise, the alleged tracking of Plaintiff's vehicle occurred in furtherance of this very same representation and legal proceeding. As explained in detail in the sections below, all of Cleary's actions are governed by the litigation privilege which is an absolute bar to recovery for tort claims. Furthermore, the fact that the underlying acts were either conceived of in California and/or took place in California for the express use in a California judicial proceeding, California law applies to this case. In accordance with California law, Cleary respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice and without leave to amend.

## II.   LAW AND ARGUMENT

### A.   Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ.P. 12(b)(6). A complaint may be dismissed under Rule 12(b)(6) when it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion to dismiss for failure to state a claim is properly granted if a cause of action lacks a cognizable legal theory or there is an absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal should be entered when it "***appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in***

///

1  *support of plaintiff's claims."* Rae v. Union Bank, 725 F.2d 478, 479 (9th Cir. 1984); *see also De La*
2  *Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978) (emphasis added).

3  For purposes of a motion to dismiss for failure to state a claim, the factual allegations in the complaint are assumed to be true. *Balistreri v. Pacifica Police Dept.*, supra, 901 F.2d at 699. Reasonable inferences from those factual allegations are also taken to be true. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). However, these assumptions do not extend to "conclusory allegations of law" or to "unwarranted inferences." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). For instance, conclusions of law are not presumed true. *Janda v. Madera Community Hospital*, 16 F.Supp.2d 1181, 1183 (1998), *citing Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Further, the court may disregard allegations in the complaint if contradicted by facts established by reference to documents attached as exhibits to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Likewise, the Court will not assume the truth of allegations which contradict judicially noticed facts. *Janda*, supra, 16 F.Supp.2d at 1183. For purposes of a Motion to Dismiss, "if the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 (9th Cir. 1997).

In the instant matter, Plaintiff's Complaint cannot survive a Motion to Dismiss under FRCP 12(b)(6) because: 1) Plaintiff's claims are barred by the absolute litigation privilege; and 2) notwithstanding the litigation privilege, Plaintiff's allegations do not properly articulate grounds for the causes of action pled in the Complaint.

### B. Choice of Law in Favor of Applying California Law

All claims not subject to federal subject matter jurisdiction are governed by California law. An analysis of the relevant case law regarding Nevada's choice of law doctrine confirms that California law should apply as opposed to Nevada law. Nevada has adopted the Restatement Second of Torts for determining choice of law for tort actions. *General Motors Corp. v. Eighth Judicial District Court*, 122 Nev. 466, 134 P.3d 111 (2006). Under the Second Restatement's "Most Significant Relationship" test, the rights and liabilities of parties with respect to an issue in tort are

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

51669-00276 2036645.1                    4                    2:12-cv-00507
CLEARY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

governed by the local law of the state that "with respect to that issue, has the most significant relationship to the occurrence and parties." *See*, Restatement Second of Torts § 145. The Restatement articulates the following factors that determine which jurisdiction's law will apply: 1) the needs of the interstate and international systems; 2) the relevant policies of the forum; 3) the relevant policies of other interested states and the relevant interests of those states in the determination of a particular issue; 4) the protection of justified expectations; 5) the certainty, predictability and uniformity of result; and 6) the ease and application of the law to be applied. *General Motors Corp.*, supra 112 Nev. at 474[1]. Each of these factors when analyzed against the specific facts of this case mandate that California law should be applied.

### 1. *The needs of the interstate and international systems*

This case involves claims of wrongdoing for actions that took place during the course of a litigation that occurred in a California court. Cleary was counsel of record for an individual who was petitioning the California Court for an order modifying spousal support based on the fact that his ex-spouse was cohabitating with another person who was also providing her financial support. Plaintiff's Complaint exclusively deals with Cleary's alleged conduct during the course of her representation of her client in that action. The disclosure of Plaintiff's information was in a declaration filed in the California litigation. Her actions are therefore governed by the rights, privileges, protections and obligations of the state in which she practices and undertook her acts. Allowing a party to be subject to the laws of another forum solely as a result of her representation of a client in her home forum frustrates the interstate system.

### 2. *The relevant policies of the forum*

The relevant policies of Nevada are expressed in its choice of law doctrine articulated above. Nevada will apply the law of another forum if the underlying acts have a more significant relationship to that forum. As explained in detail herein, California has a more significant relationship to the underlying acts of this case than Nevada.

---

[1] Plaintiff's Complaint makes an unsubstantiated conclusion that Nevada law applies but fails to articulate the standard for choice of law in Nevada or provide an analysis of the applicability of that standard.

### 3.    *The relevant policies of other interested states*

The policies of California are paramount when determining which law to apply to this case. First, Cleary is a California resident and her law firm is a California-based corporation. Cleary actions in the course of her duties as an attorney licensed in California are expressly governed by California's Rules of Professional Conduct and Rules of Court. These rules governed her actions in representing her client in the spousal modification matter. These facts alone express that California has more of a vested interest in any claims against Cleary for her actions arising from her conduct as an attorney in a California litigation. Cleary's ability to represent her client is expressly governed by California law.

Additionally, the California legislature has a codified vested interest in when to hold attorney's accountable for their actions during the course of litigation. For example, California's Anti-SLAPP statute was expressly designed to deal with situations where a party seeks to hold an attorney liable for his acts during the course of a litigation. The California State legislature enacted Code of Civil Procedure §425.16 (i.e., the Anti-SLAPP statute) in 1992; the thrust of which is to "protect citizens in the exercise of their First Amendment constitutional rights of free speech and petition." *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1414. In furtherance of this protection, the courts are given the authority to dismiss, at an early stage, non-meritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue. *Sipple v. Foundation For Nat. Progress* (1999) 71 Cal.App.4th 226, 235. Courts have broadly interpreted the protections under this statute in order to protect the constitutional right of free speech and petition. *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1130, *citing Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1121

The Anti-SLAPP statute provides a "fast and inexpensive unmasking and dismissal of frivolous claims that are subject to the statute." *Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1089. SLAPP suits are "civil Lawsuits . . . aimed at preventing citizens from exercising their [constitutional] rights or punishing those who have done so." *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 645, overruled on other grounds in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68 fn. 5. In order to protect such constitutional rights and to avoid the disturbing increase in lawsuits brought primarily to chill the valid exercise of constitutional rights

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. Sunset Rd, Suite 350
Las Vegas, NV 89113

51669-00276 2036645.1                     6                             2:12-cv-00507
CLEARY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

of freedom of speech and petition, the Anti-SLAPP statute is to be construed broadly. CCP § 425.16(a); *Briggs v. Eden Counsel For Hope & Opportunity* (1999) 19 Cal.4th 1106, 1119-1121.

CCP § 425.16 (b)(2) provides in pertinent part:

> A cause of action against a person arising from any act of the person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the Court determines that the Plaintiff has established that there is a probability that the Plaintiff will prevail on the claim.

C.C.P. § 425.16, subdivision (a). This statute encourages participation in matters of public significance by permitting a court to promptly dismiss unmeritorious actions or claims that are brought to chill the valid exercise of constitutional rights of speech and petition for the redress of grievances. CCP § 425.16 (a). To achieve this end, § 425.16 is to be construed broadly. *Id.; Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1130.

California's codified public policy regarding attorney speech and conduct during the course of a judicial proceeding is detailed and specific. The attention paid to this aspect of the litigation privilege expresses the level to which California places a greater importance on protecting this type of speech and conduct than Nevada. Although Nevada also applies an absolute litigation privilege, the policy behind California's application of this principle is decidedly more articulated.

The acts complained of not only took place in the course of a California litigation, they were conceived of and set in motion in California. The acts that took place were part of a litigation strategy for a California case. The act of attaching the credit report as an exhibit occurred in a California court. Those acts centered around two parties who were engaged in litigation that was governed by a California Court. The fact that Plaintiff in this case is a Nevada residence pales in comparison to extensive interest California has in this matter.

4. ***The protection of justified expectations***

Cleary's justified expectations are that any allegations arising out of the course of her conduct as an officer of the California Court will be adjudicated in accordance with the law, protocols, procedures and obligations for the forum of which she practices. Since she is licensed California

///

attorney practicing in California, she is justified in her expectation that California law will apply to this matter.

### 5. *The certainty, predictability and uniformity of result*

There is certainty, predictability and uniformity in the principle that an attorney representing her client in her licensed forum will have her actions during the course of that representation governed by the laws of her licensed forum. To rule otherwise would encourage uncertainty, confusion and a complete lack of predictability.

### 6. *The ease and application of the law to be applied*

There would be no additional complication to this Court in the application of California law to the instant case. Statutes and case law provide the necessary guidance to preside over this matter. Moreover, based on the abundance of case law and other legal authority for California, there would be no difficulty in applying California law.

## C. Litigation Privilege Bars All Claims against Cleary

### 1. *California Law Bars all of Plaintiff's claims*

Any communications or actions taken in relation to litigation are provided the absolute protection of the litigation privilege regardless of the actor's motive. *Cruey v. Gannett Co.* (1998) 64 Cal.App.4th 356, 367 ["If absolutely privileged, there is no liability even if the . . . communication is made with actual malice"]; *See Blanchard v. DirectTV* (2004) 123 Cal.App.4th 903, 919-922 ["The litigation privilege is simply a test of connectedness or logical relationship to litigation"]. Although originally applied to defamation actions, the privilege has been extended to any communication, not just a publication, having "some relation" to a judicial proceeding, and to all torts other than malicious prosecution. *Rubin v. Green* (1993) 4 Cal.4th 1187, 1193-1194. The litigation privilege under Civil Code § 47(b) is absolute and prohibits all tort actions that are based upon a protected communication. *Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 913. California Civil Code §47 states, "A privileged publication or broadcast is one made…in any judicial proceeding. *Ca. Civ. Code §47(b)*.

The privilege applies "to any publication required or permitted by law in the course of a judicial proceeding to achieve the objections of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Silberg v. Anderson*

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W  SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

51669-00276 2036645.1         8         2:12-cv-00507

CLEARY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  (1990) 50 Cal.3d 205, 212. "Any doubt about whether the privilege applies is resolved **in favor of**
2  **applying it**." Kashian, supra, 98 Cal.App.4th at 913 [emphasis added]. If the privilege applies, it bars
3  any tort action, except malicious prosecution. *Rubin v. Green* (1993) 4 Cal.4th 1187, 1194-1196. The
4  litigation privilege applies if the communication satisfies the following factors:

5      (1) made in judicial or quasi-judicial proceedings;

6      (2) by litigations or other participants authorized by law;

7      (3) to achieve the object of the litigation; and

8      (4) that have some connection or logical relation to the action

9      *Green v. Uccelli* (1989) 207 Cal. App.3d 1112, 1124. Where the communication has a
10 "reasonably relevancy" to the subject matter of the action and is made to further the litigation, then the
11 litigation privilege applies. *Silberg,* supra, 50 Cal.3d at 220.

12     <u>Dissemination of protected and private documents during the course of litigation is also</u>
13 <u>privileged</u>. *Urbaniak v. Newton*, 226 Cal.App.3d 1128 (1991). In *Urbaniak,* the plaintiff filed suit
14 against a number of doctors and an insurance company seeking damages for dissemination of a
15 medical report which disclosed that he had tested positive for HIV. *Id.* at 1133. The disclosure of the
16 positive HIV test came about as a result of a worker's compensation claim that was being investigated
17 the insurance carrier's attorney. In his report to the insurance company, the doctor mentioned the
18 plaintiff's status as an AIDS victim was a possible source of the muscle tension that he was attributing
19 to the industrial accident. *Id.* at 1134. The report was disseminated not only to the defense counsel but
20 also to the insurance company and to the plaintiff's own lawyer and a copy filed with the Workers
21 Compensation Appeals Board. The court held that the disclosure received in the context of a medical
22 report obtained by the defense in the discovery proceeding was within the privilege, *Id.* at 1141. In
23 upholding the defense of litigation privilege to the disclosure of protected material, the Court affirmed
24 a previous ruling that The privilege may indeed "defeat claims of invasion of privacy". *Ribas v.*
25 *Clark*, 38 Cal.3d 355, 364 (1985) (applying the litigation privilege for acts occurring during the course
26 of divorce and dissolution proceedings).

27     There is no dispute that the causes of action against Cleary in the instant matter are based on
28 actions that occurred within the context of a judicial proceeding. Plaintiff's claims against Cleary are

premised on the attachment of a credit report to a formal pleading. Plaintiff admits that his consumer report was attached as an exhibit to an "OSC to Modify Spousal Support." *Complaint*, at ¶ 19. The Complaint also alleges that Cleary "claimed that [she] would use Shinderman's consumer report to argue that Ms. Stockwell was entitles to less spousal support..." *Id.* at ¶ 21. The OSC to Modify Spousal Support was a formal pleading filed with the Court in the course of judicial proceeding filed by the party who was formally requesting the Court modify the terms of a divorce decree. The credit report was asserted to be evidence to demonstrate that good cause and valid grounds existed to modify the amount Cleary's client was required to pay to an ex-spouse. The publication of the credit report was directly and solely related to the legal proceeding in which it was produced as an exhibit. The use of a credit report in a formal pleading squarely satisfies the requirements of application of the absolute litigation privilege under California law.

Furthermore, as demonstrated in *Urbaniak*, the litigation privilege applies to the disclosure and dissemination of protected and private information. If disclosure of medical records indicating someone's status as HIV positive are protected, then surely the disclosure of a credit report in a judicial document is likewise privileged.

Because the absolute litigation privilege applies to the attachment of the credit report, all causes of action stemming from that conduct are expressly barred. If the privilege applies, ***it bars any tort action***, except malicious prosecution. *Rubin,* supra, 4 Cal.4th at 1194-1196 (emphasis added). The litigation privilege under Civil Code § 47(b) is absolute and prohibits all tort actions that are based upon a protected communication. *Kashian,* supra, 98 Cal.App.4th at 913. Accordingly, Plaintiff's Complaint must be dismissed.

2.   ***Claims also barred under Nevada law***

Plaintiff incorrectly asserts that Nevada law applies in the instant matter simply because Plaintiff is a resident of the state. Even if Nevada law did apply, Cleary's actions would still be protected by the litigation privilege. Nevada follows the "long-standing common law rule that communications in the course of a judicial proceeding are absolutely privileged." *Circus Circus Hotels v. Whitherspoon*, 99 Nev. 56, 60, 657 P.2d 101, 104 (1983). In order to facilitate the policy of zealous advocacy by attorneys underlying this privilege, its scope is "quite broad" and should be

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W Sunset Rd, Suite 350
Las Vegas, NV 89113

51669-00276 2036645.1     10     2:12-cv-00507
CLEARY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  applied "liberally". *Fink v. Oshins,* 118 Nev. 428, 433-34, 49 P.3d 640, 643-44 (2002).

2  Furthermore, there is no reason to distinguish between *communications* made during the
3  litigation process and *conduct* occurring the litigation process. *Clark v. Druckman,* 624 S.E.2d 864,
4  870 (W. Va. 2005). *See also, Maness v. Star-Kist Foods, Inc.,* 7 F.3d 704, 709 (8th Cir. 1993)
5  (privilege can extend to an attorney's actions arising out of his professional relationship); *Levin,*
6  *Middlesbrooks v. U.S. Fire, Ins. Co.* 639 So.2d 606, 608 (Fla. 1994) (explaining that privilege can
7  extend to "any act…regardless of whether the act involves a defamatory statement or other tortious
8  behavior")[2]. Under Nevada law, an " absolute privilege bars *any* civil litigation" based on the
9  communication or conduct. *Hampe v. Foote,* 1188 Nev. 405, 409, 47 P.3d 438, 440 (2002).

10  Here, all actions and conduct complained of by Plaintiff fall within the litigation privilege.
11  The conduct giving rise to the claims against Cleary are: producing a credit report in a pleading filed
12  with the Court and instituting sub rosa investigation on a party to a judicial proceeding. Plaintiff is
13  alleged to be the significant other and live in companion of an ex-wife in a spousal support matter
14  before a California court. The information obtained was specifically intended for use in that
15  California legal proceeding. Accordingly, both the attachment of the credit report and alleged
16  tracking of Plaintiff's vehicle are covered by an "absolute privilege [that] bars *any* civil litigation"
17  *Hampe,* supra 118 Nev. at 409.

18  **D.  Plaintiff's Complaint Fails to Support Conversion**

19  Plaintiff's cause of action for Conversion fails because there was no exertion of control over
20  his property and Plaintiff has not suffered any damages as a result.

21  1.  *Plaintiff cannot establish the elements of conversion under California law*

22  In order to maintain a cause of action for conversion, the following facts must be alleged: (1)

---

[2] The above cases, while not from a Nevada court, appear as consideration of the application of the absolute litigation privilege in the unpublished case *Bullivant Houser Bailey v. Eighth Judicial District Court,* 2012 WL 1117467 (Nev., March 30, 2012). Pursuant to and in accordance with Supreme Court Rule 123, this case is not being cited for precedent or binding legal authority in any way, nor does Cleary intend it to be cited as such. *Bullivant Houser Bailey* is referenced herein only in so much as to show that it appears that the above-cited cases from other jurisdictions have been considered by the Nevada Supreme Court in the application of the litigation privilege. As this case is unpublished, it is being referenced solely for instructive purposes.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. Sunset Rd, Suite 350
Las Vegas, NV 89113

51669-00276 2036645.1                       11                                 2:12-cv-00507
CLEARY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

that plaintiff owned or had a right to possession of the property in question; (2) defendant's conversion of the property by a wrongful act or disposition of property rights; and (3) damages. *Farmers Ins. Exchange v. Zerin* 53 Cal.App.4th 445, 451 (1997). It is necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use. *Messerall v. Fulwider*, 199 Cal.App.3d 1324, 1329 (1988); *Enterprise Leasing Corp. v. Shugart Corp.*, 231 Cal.App.3d 737, 747 (1991).

Based on the allegations in the Complaint, Plaintiff has failed to demonstrate satisfaction of either the second or third element of a conversion claim. Plaintiff alleges the sole basis for his conversion claim as "placing tracking devices" on vehicles. *Complaint*, at ¶16. Assuming this allegation to be true, the alleged act does not rise to the level of a "disposition of property rights" or an "assumption of control or ownership". If true, the placing of a tracking device on a vehicle does not impair Plaintiff's ownership, custody or control over the vehicle. Plaintiff would still be able to drive and control the vehicle at his discretion, and he would not have been limited in what he could do with his vehicle in any way. Moreover, placing a tracking device would not have vested Cleary with any ownership or control over Plaintiff's vehicle. She would not have been able to drive the vehicle, direct where it was going or stop it from operating in any way. At most, a tracking device might have permitted a private investigator to know where Plaintiff's vehicle was located at a given time. This would have been the same result if Plaintiff had been followed and location of his vehicle was accomplished by line of sight.

California law indicates that the alleged acts are more appropriate for a trespass to chattel claim as opposed to conversion. *See, Jamgotchian v. Slender*, 170 Cal.App.4th 1384, 89 Cal.Rptr.3d 122 (2009). In *Jamgotchian*, the California Appellate Court determined that there was a triable issue of fact as to whether a horse owner had a viable cause of action for trespass to chattel when his trainer raced the owner's horse in a race that was not previously authorized. *Id.* at 1388. The Court explained that trespass to chattels is 'the little brother of conversion" and that it allows for recovery for "interferences with possession of personal property 'not sufficiently important to be classified as conversion.'" *Id.* at 1401. 'Trespass remains as an occasional remedy for minor interferences, resulting in some damage, ***but not sufficiently serious or sufficiently important to amount to the***

*greater tort' of conversion.*" Prosser & Keeton, *Torts*, § 15, p. 90, (emphasis added)

The acts alleged by Plaintiff are more in line with a cause of action for trespass to chattel than conversion. If, as explained in *Jamgotchian*, conversion was not appropriate for the temporary taking of a horse that deprived its owner of that horse's limited use, it is even less appropriate for conversion to apply where the property owner suffered no diminishing of his ownership rights whatsoever. The act of placing tracking devises therefore does not rise to the level of a "disposition of property rights" as contemplated under California law.

Furthermore, Plaintiff has not alleged and cannot satisfy the damages requirement for conversion. As a preliminary matter, it should be noted that Plaintiff has not actually alleged how his property was damaged as a result of the so-called conversion. Plaintiff states simply that he "has been damaged." *Complaint*, at ¶ 44. The Complaint does not contain any allegation of how Plaintiff's property rights were damaged in any way. The only logical conclusion to be drawn from the Complaint is that Plaintiff did not in fact suffer ***any*** damages whatsoever.

Damages are not only an essential element of a conversion claim, they are also a requirement to maintain the lesser tort of trespass to chattel. "In cases of interference with possession of personal property not amounting to conversion, 'the owner has a cause of action for trespass or case, and ***may recover only the actual damages suffered by reason of the impairment of the property or the loss of its use.***" *Jamgotchian*, supra 170 Cal.App.4th at 1401 (emphasis added). The Restatement of Second of Torts § 218 also explains that interference with personal property is only actionable when a more important property interest is affected.

> Therefore, one who intentionally intermeddles with another's chattel is *subject to liability only if his intermeddling is harmful to the possessor's materially valuable interest in the physical condition, quality, or value of the chattel, or if the possessor is deprived of the use of the chattel for a substantial time, or some other legally protected interest of the possessor is affected* as stated in Clause (c). Sufficient legal protection of the possessor's interest in the mere inviolability of his chattel is afforded by his privilege to use reasonable force to protect his possession against even harmless interference.

The Restatement of Second of Torts § 218 at com. e, pp. 421–422, (emphasis added).

The Complaint is silent as to what damages Plaintiff actually suffered to his property rights. However, when looking at the actual allegation that Cleary simply caused a tracking devise to be

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W Sunset Rd, Suite 350
Las Vegas, NV 89113

51669-00276 2036645.1     13     2:12-cv-00507

CLEARY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  placed in the vehicle, there is absolutely nothing to suggest that the alleged actions were harmful to a
2  materially valuable property interest. Plaintiff cannot establish the second and third elements of a
3  conversion claim under California law and as such this cause of action must be dismissed.

        2. ***Conversion also fails under Nevada law.***

5  For the same reasons set forth above, Plaintiff's conversion claim also fails under Nevada law.
6  In order to have a valid claim for conversion in Nevada a plaintiff must establish the following: 1)
7  defendant committed a distinct act of dominion wrongfully exerted over plaintiff's personal property;
8  and either 2) the act was in denial of or inconsistent with plaintiff's title or rights to the property; or 3)
9  the act was in derogation, exclusion, or defiance of plaintiff's title or rights to the personal property.
10 *Evans v. Dean Witter Reynolds, Inc.* 116 Nev. 598, 5 P.3d 1043 (2003). Conversion is generally
11 limited to those severe, major and important interferences with the right to control personal property
12 that justify requiring the actor to pay the property's full value. *Edwards v. Emperor's Garden*
13 *Restaurant*, 122 Nev. 317, 130 P.3d 1280 (2006).

14 Like California, Nevada requires a significant interference with personal property before a
15 conversion claim will lie. This interference must a derogation or exclusion of someone's property
16 rights that can reasonably be classified as "severe" or "major". *Id.* Plaintiff was not excluded from
17 exercising his property rights on his vehicles, and his title and property rights were not affected
18 whatsoever by the inclusion of a tracking device. Further, Plaintiff cannot articulate any damages
19 suffered as a result. Plaintiff's Complaint fails to even plead the necessary requirements for
20 Conversion under Nevada law, let alone indicate that he can satisfy these elements. Accordingly, this
21 claim should be dismissed.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## III. CONCLUSION

Based on the foregoing, Cleary respectfully requests this Court grant the Motion to Dismiss in its entirety.

June \_1\_, 2012

        McCORMICK, BARSTOW, SHEPPARD,
        WAYTE & CARRUTH LLP

        By _____
           Wade M. Hansard
           Nevada Bar No. 8104
           Dylan P. Todd
           Nevada Bar No. 10456
           8337 West Sunset Road, Suite 350
           Las Vegas, Nevada 89113
           Tel. (702) 949-1100

           Attorneys for Defendants, PATRICIA CLEARY
           and PATRICIA L. CLEARY LAW OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on this _1_ day of June, 2012, a true and correct copy of **CLEARY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By _____
Kristin Thomas, an Employee of
MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

51669-00276 2036645.1            16            2:12-cv-00507
CLEARY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT