1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

10

## DISTRICT OF NEVADA

11

12   ALAN SHINDERMAN,

13          Plaintiff,                          Case No. 2:12-CV-00507-KJD-PAL

14   v.                                         **ORDER**

15   KEITH POLLINS, *et al*.,

16          Defendants.

17

18          Before the Court is the Motion to Dismiss (#7) filed by Defendants Patricia Cleary and her

19   law firm, Patricia L. Cleary Law Office (collectively "Cleary").  Plaintiff has filed an oppositon (#10)

20   and Cleary has filed a reply (#11).

21   I.  Background

22          Defendant Cleary and her firm represent Defendant Pollins in a judicial proceeding in

23   California Superior Court, County of San Diego.  That case, In re Matter of Jacqueline M. Pollins v.

24   Keith Pollins, Case No. DN157138SVKVK (the "State Court Action"), involves modification of the

25   terms of spousal support pursuant to a divorce decree.  At the time of that case, Plaintiff in this action

26   was engaged in a dating relationship with Jacqueline Pollins.

1    Plaintiff alleges that during the course of the State Court Action, Cleary retained a private

2    investigator to perform surveillance on him and that Cleary obtained a copy of his credit report which

3    was used in the State Court Action.  Plaintiff also alleges that Cleary directed tracking devices to be

4    placed on his vehicle.

5    Plaintiff asserts claims 1) violation of the Fair Credit Reporting Act; 2) invasion of privacy;

6    and 3) conversion.

7    II.  Discussion

8    A. Legal Standard for Motion to Dismiss

9    A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

10   relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short

11   and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

12   8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require

13   detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic

14   recitation of the elements of a cause of action."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

15   (citations omitted).  "Factual allegations must be enough to rise above the speculative level."

16   Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient

17   factual matter to "state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678 (citation

18   omitted).

19   In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when

20   considering motions to dismiss.  First, a district court must accept as true all well-pled factual

21   allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

22   Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory

23   statements, do not suffice.  Id. at 1949.  Second, a district court must consider whether the factual

24   allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially

25   plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable

26   inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint

1   does not permit the court to infer more than the mere possibility of misconduct, the complaint has

2   "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks

3   omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,

4   the complaint must be dismissed.  Twombly, 550 U.S. at 570.

5       B.  Choice of Law

6       "When a federal court sitting in diversity hears state law claims, the conflict laws of the

7   forum state are used to determine which state's substantive law applies." 389 Orange St. Partners v.

8   Arnold, 179 F.3d 656, 662 (9th Cir.1999) (citation omitted).  Accordingly, courts in this district look

9   to Nevada's conflict laws authority to determine which state's law to apply. For tort actions, Nevada

10  has adopted the Restatement (Second) of Conflict of Law's most-significant relationship test to

11  determine the choice of law, unless a more specific section of the Restatement applies to a particular

12  tort.  Gen. Motors Corp. v. Eighth Judicial Dist. Court, 122 Nev. 466, 134 P.3d 111, 116 (Nev.2006).

13      The most significant relationship test applies the general principle that the rights and

14  liabilities of parties in tort cases are governed by the local law of the state that, "with respect to that

15  issue, has the most significant relationship to the occurrence and the parties." Restatement § 145.

16      Cleary asserts, and Plaintiff does not dispute, that California law should be applied to the

17  invasion of privacy claim and the litigation privilege issue.  However, Plaintiff argues that Nevada

18  law governs the conversion claim because Cleary hired a Nevada private investigator to attach

19  tracking devices to Nevada property, to monitor the travel of a Nevada resident.  Although this

20  conduct may have been directed from California, Nevada has the most significant relationship to this

21  occurrence.  Further, both parties concede that there is no conflict between Nevada and California

22  law on this issue.  Accordingly, the Court will apply Nevada law to the conversion claim.

23      C. Fair Credit Reporting Act

24      The Fair Credit Reporting Act 15 U.S.C. §1681b ("FCRA") prohibits any person from

25  obtaining a credit report, except for purposes as enumerated in the Act.  Cleary does not argue that

26

1  Plaintiff's credit report was obtained for a permissible purpose.  The FCRA provides for penalties

2  against any person who obtains a credit report for an improper purpose.  See 15 U.S.C. §1681n.

3                             1. Litigation Privilege

4          It is well settled that the Supremacy Clause of the United States Constitution grants Congress

5  the power to preempt state and local laws. See, e.g., Oxygenated Fuels Ass'n v. Davis, 331 F.3d 665,

6  667 (9th Cir.2003).  As a result, it is equally well settled that the California litigation privilege does

7  not apply to federal causes of action. See Irwin v. Mascott, 112 F.Supp.2d 937, 962-63

8  (N.D.Cal.2000) (holding that the litigation privilege is inapplicable to claims under the Fair Debt

9  Collections Practices Act).

10         To the extent that Cleary argues that California's litigation privilege, discussed below, applies

11  to the FCRA claims, it is preempted by federal law.  Accordingly, the litigation privilege is no bar to

12  Plaintiff's recovery for violation of the FCRA.

13                             2. Attorney-Client Privilege

14         In "the rarest of cases" due process can warrant dismissal if the lawyer-defendant would be

15  prevented by his duties to his clients from presenting any of the relevant evidence that may bolster

16  his defense against a suit.  Dietz v. Meisenheimer & Herron, (2009) 177 Cal.App.4th 771, 794. To

17  dismiss a case at the pleading stage on these grounds, a court must determine whether (1) the

18  evidence at issue is the client's confidential information, and the client insists that it remain

19  confidential; (2) given the nature of plaintiff's claim the confidential information is highly material

20  to the defendants' defenses; (3) there are "ad hoc" measures available to avoid dismissal such as

21  sealing and protective orders, limited admissibility of evidence, orders restricting the use of

22  testimony in successive proceedings, and, where appropriate, in camera proceedings; and (4) it would

23  be fundamentally unfair to proceed. Id. (internal citations omitted).

24         Cleary argues that "protected attorney-client communications would necessarily relate to

25  establishing that Cleary did not procure Plaintiff's credit report." She further argues that her client

26  will not agree to waive the privilege because he is also a defendant in this action. The Court is not

4

1  convinced that this is one of the rare cases where due process requires dismissal of this claim.  That

2  Plaintiff's credit report was obtained in connection with the litigation and the purpose for which it

3  was obtained is now a matter of public record.  The only issue related to the FCRA claim is whether

4  it was Cleary who obtained the report.  The fact that she may have obtained it at the behest of her

5  client is irrelevant to the FCRA claim.  Cleary can defend herself against this claim without

6  disclosing any confidential communications.  Further, "ad hoc" measures, such as sealed filings and

7  protective orders are available which will allow the claim to proceed without violating the attorney-

8  client privilege. Finally, fundamental fairness favors allowing the claim to proceed, since dismissal

9  on this basis could potentially create a back-door exemption for attorneys seeking to evade the

10  FCRA's credit report protections.  Accordingly, the FCRA claim survives dismissal.

11      D.  Litigation Privilege

12      California Civil Code section 47(b)(2) provides in relevant part: "A privileged publication or

13  broadcast is one made ... in any judicial proceeding." The litigation privilege "applies to any

14  publication required or permitted by law in the course of a judicial proceeding to achieve the objects

15  of litigation, even though publication is made outside the courtroom and no function of the court or

16  its officers is involved." Silberg v. Anderson, 50 Cal.3d 205, 212, 266 (1990). "The usual

17  formulation is that the privilege applies to any communication: (1) made in judicial or quasi-judicial

18  proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the

19  litigation; and (4) that have some connection or logical relation to the action." Id. The litigation

20  privilege has been described as "absolute, regardless of malice and extending *1211 even to perjury."

21  Jacob B. v. County of Shasta, 40 Cal.4th 948, 956 (2007) (privilege bars invasion of privacy claim).

22      1. Publication of the Credit Report

23      To the extent that Plaintiff argues that Cleary is liable in any way for including the credit

24  report in a court filing, his claim is barred by the litigation privilege.  See G.R. v. Intelligator, (2010)

25  185 Cal.App.4th 606, 617 (litigation privilege is an absolute bar on claims arising from including

26  credit report in filing).

1        2.  Obtaining the Credit Report

2        The Supreme Court of California has held that "[w]here the cause of action is based on a

3    communicative act, the litigation privilege extends to those noncommunicative actions which are

4    necessarily related to that communicative act." Rusheen v. Cohen,  37 Cal.4th 1048, 1052 (Cal.

5    2006).  Further, case law holds that the recovery of actual damages for invasion of privacy arising

6    from illegally obtaining information for use in litigation is barred under California Civil Code §

7    47(b), since publication is an essential element of damages.  See Ribas v. Clark, 38 Cal.3d 355, 365

8    (1985) (invasion of privacy claim barred by litigation privilege where attorney listened to private

9    phone call); see also Greenberg v. Murray,  2010 WL 2511309, 3 (C.D.Cal.) (C.D.Cal.,2010)

10   (litigation privilege barred damages where recordings used in litigation were made illegally).

11       Plaintiff's credit report was communicated in the State Court Action in relation to a motion

12   for modified spousal support, which Plaintiff acknowledges is a protected communication.

13   Obtaining the credit report was necessarily related to the communication itself.  Further, Plaintiff

14   cannot demonstrate damages for invasion of privacy since the only potential damage to him came

15   from the protected publication of the credit report in the State Court Action.  Accordingly, the

16   litigation privilege bars Plaintiff's invasion of privacy claim.

17       E. Conversion

18       Conversion is "a distinct act of dominion wrongfully exerted over another's personal property

19   in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of

20   such title or rights." Evans v. Dean Witter Reynolds, Inc., 5 P.3d 1043, 1048 (Nev.2000) (quoting

21   Wantz v. Redfield, 326 P.2d 413, 414 (Nev.1958)).  "Conversion generally is limited to those severe,

22   major, and important interferences with the right to control personal property that justify requiring

23   the actor to pay the property's full value."  Edwards v. Emperor's Garden Restaurant, 122 Nev. 317,

24   328-329, 130 P.3d 1280, 1287 (Nev., 2006).

25       Plaintiff cites no case suggesting that placing a tracking device on a vehicle rises to the level

26   of conversion. Plaintiff never lost the right to control his property, there was no damage to his

6

1   property, and there is no indication that placement of such a device would require Cleary to pay

2   Plaintiff the full value of his vehicles.  Accordingly, this claim fails.

3         F.  Leave to Amend

4         Fed. R. Civ. P. 15(a).  Rule 15(a)(2) provides that courts "should freely give leave [to amend]

5   when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under this standard, there is a general "policy to

6   permit amendment with 'extreme liberality.'" Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th

7   Cir. 2002) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.

8   1990)).

9         Plaintiff has requested leave to amend his complaint to modify his conversion claim. The

10  Court will permit amendment on or before November 12, 2012.

11  III. Conclusion

12        **IT IS HEREBY ORDERED** that Defendants Patricia Cleary and Patricia L. Cleary Law

13  Office's Motion to Dismiss (#7) is **GRANTED** in part and **DENIED** in part.

14        **IT IS FURTHER ORDERED** that Plaintiff may amend his complaint on or before

15  November 12, 2012.

16        DATED this 25th day of October 2012.

17

18

19                                              _____

20                                              Kent J. Dawson
                                                United States District Judge

21

22

23

24

25

26