# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALAN SHINDERMAN,

    Plaintiff,

v.

KEITH POLLINS, *et al*.,

    Defendants.

Case No. 2:12-CV-00507-KJD-PAL

**ORDER**

Before the Court is Defendants Patricia Cleary and Patricia L. Cleary Law Office's ("Cleary Defendants") Motion for Summary Judgment (#37). Plaintiff Alan Shinderman ("Plaintiff") responded (#39) and Defendants replied (#44).

I. Background

Keith Pollins ("Pollins") wanted to decrease or eliminate his spousal support payments to Jacqueline Stockwell ("Stockwell"), his former spouse. Cleary Defendants represented Pollins in this pursuit. It is undisputed that Cleary Defendants informed Pollins that a rebuttable presumption exists in California (the relevant jurisdiction) that cohabitation of a former spouse reduces the supported spouse's need for support (#44; 7:24-28). It is further undisputed that the Cleary Defendants encouraged Pollins to retain a private investigator to assist in obtaining Pollin's objective (#39, Ex. 8, #44; 4). At the time, Stockwell was apparently in a romantic relationship with Plaintiff.

1   Subsequently, Cleary Defendants submitted filings to the California State Courts seeking a reduction
2   or elimination of Pollins' spousal support payments. Included with these filings was Plaintiff's credit
3   report (#44; 13).

4        Both Pollins and Cleary deny "obtaining" the credit report. However, the report was filed
5   along with other documents by Cleary Defendants, seeking a reduction in Pollins' spousal support
6   obligation. Cleary Defendants here seek summary judgment in their favor.

7   II. Summary Judgment Standard

8        Summary judgment may be granted if the pleadings, depositions, answers to interrogatories,
9   and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any
10  material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ.
11  P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the
12  initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at
13  323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a
14  genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
15  587 (1986); Fed. R. Civ. P. 56(e).

16       All justifiable inferences must be viewed in the light must favorable to the nonmoving party.
17  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere
18  allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit
19  or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial.  See
20  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual
21  issues of controversy in favor of the non-moving party where the facts specifically averred by that
22  party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n., 497
23  U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345
24  (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine
25  issue of fact to defeat summary judgment).  "[U]ncorroborated and self-serving testimony," without

26

2

1   more, will not create a "genuine issue" of material fact precluding summary judgment. <u>Villiarimo v.</u>

2   <u>Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002).

3       Summary judgment shall be entered "against a party who fails to make a showing sufficient

4   to establish the existence of an element essential to that party's case, and on which that party will

5   bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.  Summary judgment shall not be granted

6   if a reasonable jury could return a verdict for the nonmoving party.  <u>See</u> <u>Anderson</u>, 477 U.S. at 248.

7   However, [i]f the evidence is merely colorable, or is not significantly probative, summary judgment

8   may be granted." <u>Id.</u> (internal citations omitted).

9   <u>III. Analysis</u>

10      At the outset, the Court notes the parties' unfortunate penchant for wandering far afield from

11  the relevant matters before the Court. This is not only ineffective, but wastes the resources of the

12  Court. The parties are strongly encouraged to reform their practice and provide the Court only cogent

13  and relevant argument. For example, both parties engage at length the issue of "separately filed"

14  statements of undisputed fact, citing the Bankruptcy Court Local Rule 7056. To clear up any

15  confusion, this is not a bankruptcy case, and the parties are not proceeding in bankruptcy court.

16  Further, no analogous rule exists in this Federal District Court. While such deficiencies are

17  ubiquitous throughout the parties' pleadings, the Court turns now to the merits of the present motion.

18      The FCRA regulates the receipt and use of "consumer reports" which are any communication

19  from a consumer reporting agency bearing on the credit–fiscal, moral, or otherwise–of a consumer

20  which is collected or expected to be used for the unsurprising purposes delineated in the statute. <u>See</u>

21  15 U.S.C. § 1681a(d). There is no dispute that this is precisely the information obtained about

22  Plaintiff.

23      The FCRA prohibits the use or obtaining of a consumer report for any purpose not expressly

24  authorized. <u>Id.</u> at §1681b(f). There is no dispute that the report was obtained and used for an

25  unauthorized purpose. Defendants' reading of the Court's prior Order (#19) to preclude liability for

26  "use" of the report is clearly incorrect. The Court held that the FCRA claim was preserved, which

1   includes both "use" of and "obtaining" the report, while dismissing the non-FCRA claims based on

2   Defendants' use under the California litigation privilege. To the extent that the language of the Order

3   is susceptible to misinterpretation, reference to the headings under which the language is found is a

4   quick and clear remedy.  Further, even if the Court intended to foreclose liability for "use," the Court

5   lacks the authority to simply ignore statute. At bottom, while there may be some dispute as to which

6   Defendant obtained the report, Cleary Defendants concede that they "used" the report in their filings

7   seeking a reduction or elimination of spousal support payments on Pollins' behalf (#44; 13).

8   Accordingly, it appears that Clearly Defendants are in violation of the FCRA.

9          Once a report is obtained or used for an unauthorized purpose, the FCRA provides for

10  liability based on either willful or negligent violation. Willful violation permits various remedies

11  including actual damages, punitive damages, and costs and fees. Id. at §1681n(a). Negligent violation

12  allows for actual damages and costs and fees. Id. at §1681o(a). Mental state is a question of fact

13  which is left unanswered by the record before the Court and is almost certainly best reserved for the

14  jury.

15  IV. Conclusion

16         In accordance with the above analysis, Clearly Defendants have not met their burden of

17  showing that there is no genuine dispute of material fact. Accordingly, Cleary Defendants' Motion

18  for Summary Judgment (#37) is **HEREBY DENIED**.

19         DATED this 11th day of October 2013.

20

21

22         _____

23         Kent J. Dawson
           United States District Judge

24

25

26

4